IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:24-CV-833-FL

| | | |
|---|---|---|
| ANTONIO FERRARO, and SHAREHOLDERS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| TRACY DENISE RODGERS, a resident of Washington, HILLARY HALL, a resident of Washington; ROBERT MCCAULEY, a resident of Washington; FARMASI US, LLC, a Florida Corporation, | ) ) ) ) ) ) ) | ORDER[1] |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion for a temporary restraining order and preliminary injunction (DE 81). For the following reasons, the court denies that part of the motion seeking a temporary restraining order. It reserves ruling on plaintiff's request for a preliminary injunction.

**BACKGROUND**

Plaintiff's motion seeks to enjoin non-party Jessia Matney Smith ("Smith") from making contact with individuals associated with plaintiff's company, disseminating or referencing confidential information, making statements allegedly defaming plaintiff, engaging in alleged harassment, and requiring her to preserve all records and communications related to any party to this case. (See Mot. TRO (DE 81) 7).

---

[1] The court constructively amends the caption to reflect the voluntary dismissal of former plaintiffs Audere, Inc., Antonio and Angela Ferraro, LLC, and Audere Ownership Group, LLC. (See Feb. 11, 2025 Text Order).

He also demands that defendants and an unidentified non-party to this action similarly retain records and documents related to Smith's alleged misconduct, and that the court issue declaratory judgment that Smith's termination for cause was proper. (Id. at 8). Smith is not a party to this action. However, plaintiff alleges that Smith is an employee of the corporate defendant. (Id. at 3).

**DISCUSSION**

The court may enjoin a non-party who is an "officer, agent, servant, [or] employee" of a party. Fed. R. Civ. P. 65(d)(2)(B). Nonetheless, injunctive relief may issue only if the court has personal jurisdiction over the enjoined party, or someone in legal privity with that party, and the enjoined party has been served with process. Gilchrist v. Gen. Elec. Cap. Corp., 262 F.3d 295, 301 (4th Cir. 2001).

Plaintiff presents no evidence or argument that Smith has been served with process, or that the court has personal jurisdiction over her. Smith is a resident of California. (Mot. TRO at 2). Defendants argue in their motions to dismiss that this court lacks personal jurisdiction over them. (See generally Individual Defs' Br. (DE 28); Farmasi Br. (DE 34)). Accordingly, if those motions are granted, this court necessarily would have found that it lacks personal jurisdiction over Smith or defendants, even assuming Smith and defendants are in legal privity, rendering injunctive relief against Smith inappropriate. Gilchrist, 262 F.3d at 301.

The court denies plaintiff's request for a temporary restraining order. Request for a preliminary injunction will be decided in the context of the court's decisions on defendants' motions to dismiss.

Preliminary injunctive relief is "extraordinary" and never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008). Plaintiff vaguely states that

2

Smith has injured his reputation, caused some of his employees to withdraw or reduce their activity, and inflicted emotional harm. (See Mot. TRO at 6; Ferraro Aff. (DE 81-1) ¶¶ 18–21). There is a high hurdle to overcome here. Plaintiff must establish the irreparable harm required to justify such extraordinary relief. See League of Women Voters of N.C. v. North Carolina, 769 F.3d 224, 236 (4th Cir. 2014).

The United States Court of Appeals for the Fourth Circuit has made clear that injuries, however substantial, in mere money, time, or energy expended in the absence of preliminary relief weigh "heavily against a claim of irreparable harm." Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017). Accordingly, when harm suffered by the moving party could be compensated by an award of damages, the harm is not irreparable unless, as applicable here, the moving party's business could not survive absent relief. Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp., 17 F.3d 691, 694 (4th Cir. 1994). However, plaintiff's asserted harms are, essentially, attempts to plead claims for defamation, breach of contract, and tortious interference with contract against Smith. (See Mot. TRO at 5).

Courts uniformly reject such conclusory allegations of harm as plaintiff offers here. See, e.g., Dillon-Capps v. Ohana Growth Partners, LLC, No. 24-3744, 2025 WL 475265, at *2 (D. Md. Feb. 12, 2025); Stepansky v. Sw. Va. Regional Jail Auth., No. 7:23-cv-698, 2024 WL 3535138, at *2 (W.D. Va. July 25, 2024); Glenn v. Ruffin, No. 6:22-cv-1320, 2022 WL 3908567, at *1 (D.S.C. June 24, 2022); Wright v. Wells Fargo Bank, NA, No. 6:22-cv-261, 2022 WL 715176, at *3 (D.S.C. Mar. 10, 2022); Rogers v. Stanback, No. 1:13CV209, 2013 WL 6729864, at *2 (M.D.N.C. Dec. 19, 2013).

Because the procedural propriety of injunctive relief hinges on whether personal jurisdiction exists, called into substantial question by other motions to be decided, the court denies

plaintiff's motion insofar as it seeks a temporary restraining order. This issue of course will resurface when the court turns its attention to his motion for a preliminary injunction, as attention, too, will turn then on plaintiff's demonstration of irreparable harm. And based on that showing made, delay in this decision is unlikely to prejudice plaintiff.

Defendants' motions to dismiss sound also in denial of plaintiff's motion for preliminary injunction but if additional response(s) is/are to be made, the operative deadline for defendants is April 16, 2025.

## CONCLUSION

For reasons given, plaintiff's motion for temporary restraining order (DE 81) is DENIED. Briefing on remaining part of his motion, where he seeks preliminary injunction, shall proceed. The court will take up that part of plaintiff's motion (DE 81) in the context of its decisions on defendants' motions to dismiss for lack of personal jurisdiction (DE 27, 33), and other motions nested around those two (DE 52, 55, 57, 58).[2]

SO ORDERED, this the 27th day of March, 2025.

LOUISE W. FLANAGAN
United States District Judge

---

[2] There is also to be decided a newly filed motion to seal by plaintiff (DE 78), not yet ripe.