IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:24-CV-833-FL

| | |
|---|---|
| FERRARO, ANTONIO, a resident of North Carolina, <br><br> Plaintiff, <br><br> v. <br><br> TRACY DENISE RODGERS, a resident of Washington, HILLARY HALL, a resident of Washington, ROBERT MCCAULEY, a resident of Washington, and FARMASI US, LLC, a Florida Corporation, <br><br> Defendants. | ORDER |

This matter is before the court upon defendants' motions to dismiss for lack of personal jurisdiction (DE 27, 33), and plaintiff's motions to strike (DE 55, 58), to "set the order of review" (DE 57), for leave to amend (DE 52), to seal (DE 78), and for a preliminary injunction (DE 81). For the following reasons, defendants' motions are granted, and plaintiff's motions are denied or terminated as moot.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se and originally purporting to represent three business entities which he controls, initiated this action by complaint filed August 30, 2024. The court ordered these entities to obtain counsel. Once they did so, they moved voluntarily to dismiss all claims, which motion this court granted February 11, 2025. In the meantime, defendants filed the instant motions to dismiss for lack of personal jurisdiction, relying upon their own affidavits and an

1

affidavit of Jairo Pantoja ("Pantoja"), employee of defendant Farmasi US, LLC, and plaintiff filed his motions.

Plaintiff asserts the following claims: 1) breach of contract, breach of fiduciary duty, and fraudulent inducement, against defendant Tracy Rodgers ("Rodgers"); 2) "aiding and abetting" against defendants Hillary Hall ("Hall") and Robert McCauley ("McCauley"); 3) "unfair competition" against defendant Farmasi US, LLC ("Farmasi"); and 4) tortious interference with contractual relations and with prospective economic advantage, violation of non-disparagement clause, and civil conspiracy against all defendants.

Plaintiff presents numerous documents in support of his motions and in opposition to defendants' filings, including many communications between the parties and others, affidavits, Washington state marriage license archive search results, social media posts, and a North Carolina state court order. The court has taken all these materials into consideration as part of its rulings herein.

Briefing on the motions is complete, and the issues raised all are ripe for decision.

### STATEMENT OF FACTS

The facts alleged in the complaint are as follows. In January 2021, defendant Rodgers approached plaintiff, asking for "executive coaching services." (Compl. (DE 1) ¶ 21). On March 11, 2021, plaintiff flew from North Carolina to Idaho to provide such services to Rodgers at her home. (Id. ¶ 22). On March 14, 2021, Rodgers expressed the desire to start a new company, and plaintiff assisted her to form a company, which became Audere, Inc. (Id. ¶ 23). Plaintiff registered that company in Nevada, with defendant McCauley as president, per instructions from Rodgers. (Id. ¶ 24). On July 23, 2021, plaintiff executed a contract with Audere, Inc. to provide "executive-level strategy development consulting." (Id. ¶ 25). On March 23, 2024, plaintiff became CEO of

2

Audere, Inc. and obtained a 40% ownership stake in the company, all at the request of Rodgers. (Id. ¶ 26).

Defendants Rodgers, Hall, and McCauley all signed a non-disparagement clause, but engaged in an unspecified "campaign of disparagement" against plaintiff. (Id. ¶ 27). Sometime between July 15, 2024, and August 15, 2024, executives of defendant Farmasi met with Rodgers, at which Rodgers identified herself as the founder of Audere, Inc., and disparaged plaintiff. (Id. ¶¶ 28–29). Farmasi induced Rodgers to resign from Audere, Inc., and to become an independent contractor for Farmasi, with access to its staff and a lucrative compensation package. (Id. ¶¶ 30–31). Farmasi also offered Rodgers the opportunity to travel to its offices in Turkey. (Id. ¶ 33). Rodgers took this opportunity to bring employees of Audere, Inc. with her, and to attempt to recruit them from Audere, Inc. to Farmasi. (Id. ¶ 34). Rodgers ultimately disparaged plaintiff to 25 of Audere, Inc.'s top employees. (Id. ¶¶ 35–37). Sometime in August 2024, Rodgers circulated a text message further disparaging plaintiff and Audere, Inc. (Id. ¶ 39).

**COURT'S DISCUSSION**

A.  Standard of Review

A motion to dismiss under Rule 12(b)(2) challenges the court's exercise of jurisdiction over a party. "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) ("[T]he district court

3

must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor.").

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(4) challenges the sufficiency of process, while a motion under Rule 12(b)(5) challenges the sufficiency of service of process. See Fed. R. Civ. P. 12(b)(4), (b)(5). "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process properly has been served. See Mylan, 2 F.3d at 60.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion for leave to amend should be allowed "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).[1] "A proposed amendment is . . . futile if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation, 914 F.3d 213, 228 (4th Cir. 2019); see In re Triangle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021) ("[D]istrict courts are free to deny leave to amend as futile if the [pleading] fails to withstand Rule 12(b)(6) scrutiny.").

---

[1] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

B.  Discussion

Defendants have lodged two motions to dismiss for lack of personal jurisdiction. Defendants Rodgers, Hall, and McCauley (together, the "individual defendants") move jointly, while defendant Farmasi moves separately from the individual defendants. Farmasi also requests dismissal for improper service.[2] The court evaluates these motions before turning to plaintiff's motions.

1. Motions to Dismiss

   a. Individual Defendants

Individual defendants argue that the court lacks personal jurisdiction over them. The court agrees.

Personal jurisdiction may exist in either of two forms: general and specific. See Daimler AG v. Bauman, 571 U.S. 117, 126–27 (2014). For a natural person, the "paradigmatic forum" for general jurisdiction is the individual's domicile. Id. Individual defendants are all citizens and residents of Washington state, (Compl. ¶¶ 7–9), so general jurisdiction is absent.

Specific jurisdiction is more nuanced. A court may exercise specific personal jurisdiction over a party only to the extent permitted by the forum state's jurisdictional statute and the Due Process Clause of the Constitution. Christian Sci. Bd. of Dirs. Of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). North Carolina's jurisdictional statute extends to the maximum reach permitted by due process, so these two inquiries merge. Id. As such, this court has personal jurisdiction over individual defendants only if they have sufficient minimum contacts with North Carolina that maintenance of the suit does not offend traditional notions of fair play and substantial justice. Id. To make this determination, the court examines three elements: 1) the

---

[2] The remedy for improper service is dismissal without prejudice for lack of personal jurisdiction. See Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). The court therefore focuses on Farmasi's Rule 12(b)(2) arguments.

extent to which the individual defendants purposefully availed themselves of the privilege of conducting activities in North Carolina, and so invoked the protections of its law; 2) whether plaintiff's claims arise out of those North Carolina-related activities, and 3) whether the exercise of jurisdiction is reasonable. Id.

In turn, the court may examine several factors to evaluate the first element just noted, including 1) whether the defendant maintains offices or agents in the forum state; 2) whether the defendant owns property in the forum state; 3) whether the defendant reached into the forum state to solicit or initiate business; 4) whether the defendant deliberately engaged in significant business activities in the forum state; 5) whether the parties contractually agreed that the law of the forum state would govern; 6) whether the defendant made in-person contact in the forum state with a forum resident; 7) the nature, quality, and extent of the parties communications about the business being transacted; and 8) whether the performance of contractual duties was to occur in the forum. Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009).

These factors generally militate against the propriety of specific personal jurisdiction over the individual defendants. Defendants have filed affidavits testifying to many of these factors.[3] No individual defendant maintains an office or any agents in North Carolina. (Rodgers Aff. ¶¶ 5, 16; Hall Aff. ¶¶ 5, 9; McCauley Aff. ¶¶ 5, 10). None owns property in this state. (Rodgers Aff. ¶ 5; Hall Aff. ¶ 5; McCauley Aff. ¶ 5). None has made in-person contact with plaintiff in North Carolina. (Rodgers Aff. ¶¶ 10, 12; McCauley Aff. ¶ 8).

---

[3] These affidavits are the subject of plaintiff's motions to strike, on grounds that they contain inaccuracies about the marital statuses of individual defendants and the purpose of a specific trip to North Carolina. (See Mot. Strike (DE 55) 3). Defendants argue these motions are procedurally improper, but even taking the motions on the merits and assuming that the affidavits' representations on these subjects are indeed inaccurate, said inaccuracies do not defeat plaintiff's motions for the reasons discussed below.

6

Plaintiff argues that some factors point towards personal jurisdiction. The court agrees only as to one. First, plaintiff is correct that some of the contracts at issue have North Carolina choice-of-law provisions, which supports jurisdiction. (See Pl's Dismiss Br. Ex. C (DE 50-3); id. Ex. D (DE 50-4)); Geometric Ltd., 561 F.3d at 278. However, a choice-of-law provision cannot create personal jurisdiction alone. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 481–82 (1985).[4]

Second, plaintiff argues that individual defendants did conduct business in North Carolina. Plaintiff presents this argument through an opposing affidavit, which the court must credit on this point over defendants' affidavits. See Bakker, 886 F.2d at 676 (district courts must assume credibility in plaintiff's favor in assessing personal jurisdiction). Plaintiff testifies that during January and February 2024, defendants Rodgers and McCauley were present in North Carolina for the purpose of recruiting a particular "prospect," and that they met with plaintiff by zoom about that prospect again in May, 2024. (See Ferraro Aff. ¶¶ 21–30).

Nonetheless, even assuming this activity carries the entire first element for plaintiff, that defendants availed themselves of North Carolina's law, it cannot satisfy the second. This trip to North Carolina in early 2024 occurred months before the earliest events described in the complaint, in July and August, 2024, and it has no connection whatsoever to the allegations of the complaint. But specific personal jurisdiction requires that the defendant's contacts with the forum state form the basis of the suit. Geometric Ltd., 561 F.3d at 278–79. Because individual defendants' only

---

[4] Plaintiff appears to confuse a choice-of-law provision with a forum selection provision. (See Pl's Dismiss Br. at 4–5). But these are distinct concepts, and a choice-of-law provision governs law, not forum.

contacts with North Carolina are unconnected to the basis of the suit, they cannot support personal jurisdiction.[5]

Finally, plaintiff argues that Hall's disparagement of plaintiff on social media creates specific jurisdiction. But plaintiff offers no allegation or argument that these posts specifically targeted North Carolina residents as required. See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 399–401 (4th Cir. 2003); Epic Games, Inc. v. Shenzhen Tairuo Tech. Co., Ltd., 593 F. Supp. 3d 233, 240–42 (E.D.N.C. 2022).

Accordingly, because this court possesses neither general nor specific personal jurisdiction over the individual defendants, they must be dismissed from this suit.

      b.    Farmasi

Defendant Farmasi also argues that this court lacks personal jurisdiction over it. The court again agrees.

General jurisdiction over a corporation is appropriate if the corporation's affiliations with a state are so continuous and systematic as to render it essentially at home in the state. BNSF Ry. v. Tyrrell, 581 U.S. 402, 413 (2017). Ordinarily, general personal jurisdiction exists over a corporation in the states of its incorporation and of the location of its principal place of business. Id. Farmasi is a Florida corporation with its principal place of business in that state, so no general jurisdiction exists on this basis. (Pantoja Aff. ¶¶ 8–10).

Plaintiff asserts that general jurisdiction exists because Farmasi employs "dozens" of distributors in North Carolina and has a large customer base in this state. (Pl's Br. Dismiss 5–6). However, the exercise of general jurisdiction over a corporate defendant in a forum other than its state(s) of incorporation and principal place of business is "exceptional," Tyrrell, 581 U.S. at 413,

---

[5]     Even if the court disregarded defendants' affidavits entirely, as plaintiff urges in his motions to strike, this conclusion would stand.

8

and courts have rejected general jurisdiction premised on even more substantial business activities than here. For example, the United States Court of Appeals for the Fourth Circuit deemed general jurisdiction lacking over a defendant with 90 premises in a state, and whose website targeted residents of that state. Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 134 (4th Cir. 2020). The Supreme Court has instead made clear that merely systematic and continuous contacts with a state do not create general jurisdiction; instead, the contacts must be so systematic and continuous "as to render [a defendant] essentially at home in the forum state." Bauman, 571 U.S. 117, 119 (2014). Plaintiff's allegations fail to demonstrate these "exceptional" circumstances. Tyrrell, 581 U.S. at 413.

The court therefore turns to specific jurisdiction. Plaintiff argues that Farmasi has some independent contractors in North Carolina, but makes no connection between any of these persons and the allegations in his complaint. And plaintiff asserts in conclusory fashion that Farmasi "support[ed]" the actions by individual defendants that establish specific jurisdiction over them. (Pl's Dismiss Br. at 7). However, the court has already concluded that these activities do not establish specific jurisdiction over individual defendants, and so even assuming that unspecified "support" for these actions is a proper jurisdictional argument,[6] Farmasi's unspecified "support" therefore cannot satisfy the jurisdictional test. Thus, Farmasi's alleged contacts with North Carolina are unrelated to this suit, and cannot give rise to specific jurisdiction.

Plaintiff's contrary argument that specific jurisdiction exists because he felt the effects of the allegedly injurious conduct in North Carolina is not compelling. The fact that a defendant's conduct affected a plaintiff with connections to the forum state cannot create personal jurisdiction. Walden, 571 U.S. at 291.

---

[6] Contra Walden v. Fiore, 571 U.S. 277, 284 (2014) ("the relationship must arise out of contacts that the defendant himself creates with the forum state" (emphasis in original)).

9

Accordingly, the court concludes that it lacks personal jurisdiction over defendant Farmasi, which must be dismissed from this suit.

2.      Motion for Leave to Amend

Defendants challenge plaintiff's proposed amended complaint as futile, because it fails to establish personal jurisdiction, and on the merits. The court agrees with defendants that the proposed amended complaint fails to rectify any of the jurisdictional defects present in the original complaint and discussed above.

Plaintiff argues that plaintiffs have waived any jurisdictional arguments by presenting merits arguments. But defendants clearly raise jurisdictional arguments in opposition to the motion for leave to amend, (Farmasi Amend Br. (DE 72) 4; Individual Defs' Amend Br. (DE 73) 6). They present merits points in the alternative, which is a common and permissible litigation tactic. See, e.g., Massachusetts v. EPA, 549 U.S. 497, 526–27 (2007) (rejecting defendant's jurisdictional arguments and proceeding to merits points asserted in the alternative); Betts v. Rector & Visitors of Univ. of Va., 198 F. Supp. 2d 787, 795 (W.D. Va. 2002) (noting defendant moved for summary judgment on "alternative" jurisdictional and non-jurisdictional grounds).

Plaintiff also contends here that an exhibit to his original complaint supports personal jurisdiction. But the import of this exhibit, the transfer of shares from Rodgers to a North Carolina corporation, has no connection with the claims, and so cannot support specific jurisdiction.

The proposed amended complaint is futile because it fails to remedy any of the jurisdictional defects present in the original complaint. The motion for leave to amend is therefore denied.

3. Motions to Strike

Plaintiff moves to strike individual defendants' affidavits on grounds that they contain inaccurate information about 1) the marital status of Rodgers and McCauley; 2) the purpose of defendants' presence in North Carolina in early 2024; and 3) the involvement of Rodgers with Audere Owners Group, LLC. Defendants argue that these motions are procedurally improper and, in any case, fail to affect the court's jurisdictional analysis above. The court agrees with defendants.

First, the plain language of Rule 12(f) permits the striking only of pleadings, and courts reject attempts to strike other documents, such as affidavits, under this rule. Fed. R. Civ. P. 12(f); Wimberly v. Clark Controller Co., 364 F.2d 225, 227 (6th Cir. 1966); Weber v. Specialized Loan Serv., LLC, 341 F.R.D. 214, 216 (E.D.N.C. 2022) (collecting cases).

But even overlooking this infirmity, the court has already fully credited plaintiff's contrary affidavit testimony, and disregarded defendants' testimony which he disputes, for the purposes of its personal jurisdiction analysis. Finally, even if the court totally disregarded all the individual defendants' affidavits as plaintiff asks, the conclusion that no personal jurisdiction exists, as discussed above, stands because plaintiff's claims are unrelated to any of individual defendants' contacts with North Carolina.[7] These motions are therefore denied.

4. Motion "to set the order of review"

Plaintiff moves that the court rule on the motions to strike before evaluating defendants' motions to dismiss. Because the court addresses all these motions in this order, and because the motions to strike do not affect the personal jurisdiction analysis as just noted, this motion is denied as moot.

---

[7] The court also observes that defendants' marital statuses are irrelevant to any legal issue presented here.

11

5.  Motion to Seal

Plaintiff moves to seal unspecified documents that have not been filed yet. (See Mot. Seal (DE 78) 5–6 ("plaintiff seeks to preemptively seal these records")). Because this case is now dismissed and the anticipated documents are not on the docket, this motion is denied without prejudice.

6.  Motion for Preliminary Injunction

In a separate order entered on March 27, 2025, the court denied plaintiff's motion for preliminary injunctive relief against non-party Jessica Smith ("Smith") insofar as it sought a temporary restraining order, and permitted briefing to proceed insofar as it requested a preliminary injunction. As noted in that order, injunctive relief against a non-party is proper, among other requirements, only if the court has personal jurisdiction over the to-be-enjoined party or somebody in legal privity with that party. Gilchrist v. Gen. Elec. Cap. Corp., 262 F.3d 295, 301 (4th Cir. 2001). Smith is a resident of California, (Mot. TRO (DE 81) 2), and plaintiff makes no showing that this court has personal jurisdiction over her, for the reasons discussed above. See Bauman, 571 U.S. at 119; Geometric Ltd., 561 F.3d at 278–79; Carefirst Pregnancy Ctrs., Inc., 334 F.3d at 399–401. And the court has concluded above that it lacks personal jurisdiction over any defendant, so Smith is not in legal privity with any party over whom this court has personal jurisdiction. This motion is denied.

## CONCLUSION

Based on the foregoing, defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(2) (DE 27, 33) are GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction. Plaintiff's motions for leave to amend (DE 52), to strike (DE 55, 58), and for a preliminary injunction (DE 81) are DENIED. Plaintiff's motion "to

set the order of review" (DE 57) is TERMINATED AS MOOT.  Plaintiff's motion to seal (DE 78) is DENIED WITHOUT PREJUDICE.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 2nd day of May, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge